The Honorable Pat Flanagin State Representative P.O. Box 867 Forrest City, AR 72335
Dear Representative Flanagin:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act (FOIA) which is codified at A.C.A. 25-19-101 et seq. You have asked, specifically, whether the names and social security numbers of the individuals served by the Indigent Care Fund of St. Francis County and the amounts paid for indigent care are exempt from the provisions of the FOIA.
It is my opinion that the names of individuals served by and the amounts paid from the Indigent Care Fund of St. Francis County are available for public inspection and copying. However, I believe that the social security numbers of the fund recipients are exempt from disclosure.
According to the information supplied with your request, the custodian of the record does not dispute the fact that the records in question are "public records" within the meaning of Section25-19-103(1). However, the custodian claims that the records sought are "medical records" and are, therefore, exempt from public release under Section 25-19-105.
Neither the Arkansas General Assembly nor any state court has provided a definition of "medical records" for purposes of the FOIA. However, in interpreting a similar provision in the Iowa Freedom of Information Act, the Iowa Supreme Court determined that records in the possession of the Governor pertaining to a medical procedure were not "medical records" for purposes of the FOIA. Howard v. Des Moines Register Tribune Co., Iowa, 283 N.W.2d 289
(1979). The court stated:
 Section 68A.7(2) which exempts `hospital records' and `medical records' . . . does not apply because the documents here were neither compiled for diagnostic or treatment purposes by hospital or medical personnel nor maintained as a record of a hospital or physician.
Howard, 283 N.W.2d at 300.
Like Iowa's FOIA, the Arkansas statute is to be liberally interpreted. See Laman v. McCord, 245 Ark. 401 (1968). It is therefore my opinion that an Arkansas court would adopt a similar definition of "medical records" if presented with the issue so as to further the goal of affording the public access to government records.
Applying the above definition to the facts outlined in your request, it must be concluded that a record which only reveals the name of the recipients of and the amounts paid from the county indigent fund is not a "medical record." Such information has no relationship to the treatment or diagnosis of any medical condition.
With respect to social security numbers, it must be noted that these identifiers are exempt from public disclosure under the provisions of the federal Privacy Act of 1974, as well as the Social Security Act. Social security numbers should therefore be shielded prior to providing a document for public inspection.
In sum, it is my opinion that the names of individuals whose medical bills have been paid from the Indigent Care Fund and the amounts paid are not "medical records" for purposes of the FOIA. As such, the information sought is available for public inspection and copying.